28th April, 1806,
Teezevakt, J.,
delivered the opinion of the whole court. The testimony which was offered and refused in this case was not intended in justification, and it could not prove the plea of not guilty, which goes to the speaking, and not merely to the cause or occasion of speaking, if the evidence could properly justify the party in speaking the words, yet he could not have the benefit of such evidence in justification on the general issue; but he was clearly infilled to the benefit of it in mitigation of damages. A man who wantonly or inconsiderately repeats a defamatory tale fabricated by another, is certainly liable to answer in damages for assisting in the propagation of the slander ; but he is not answerable in the same degree as the author of the slander, unless it should appear he was actuated by malice, and an intention to defame. The cause and manner of speaking are in all cases proper to be given in evidence, in order to guide the jury in the assessment of damages. So, if a man hears defamatory words spoken of another, and repeats them, it is proper to ascertain whether he has merely repeated them from hearing another person speak them, or whether he has only feigned to have heard the slander, when in truth he never did hear it. It shall be presumed that he did not hear the slander from another, and the propagator of the slander is bound to shew, in mitigation of his wrongful conduct, that he did hear it from another, and is not the author of it himself. As the, jury would be otherwise authorized to regard him as the author of the slander, there, fore he ought to be allowed to shew that he is not so, and to shew that he only repeated what he heard. And all the circumstances of hearing the slander first published, and the manner of repeating it, ought to be duly considered by the jury/in mitigation, or in aggravation of the damages.
Motion granted.